IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | | |
|---|---|---|
| JOSEPH CHAVEZ and SHERRY CHAVEZ, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 20-cv-5451 |
| | ) | |
| vs. | ) | |
| | ) | **PLAINTIFFS DEMAND** |
| CAMPING WORLD RV SALES, LLC, and JAYCO, INC. | ) | **TRIAL BY JURY** |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiffs, JOSEPH CHAVEZ and SHERRY CHAVEZ, by and through their undersigned attorneys, complain against Defendants, CAMPING WORLD RV SALES, LLC and JAYCO, INC. as follows:

### I. INTRODUCTION

1. Plaintiffs, Joe and Sherry Chavez recently retired from their jobs as a Genoa City Police Officer and school bus driver. Their dream retirement was to cruise the country in a recreational vehicle and visit their family. Plaintiffs made a significant financial commitment to buy a $90,000 recreational vehicle and pursue their dream. Sadly, as aptly stated by the Seventh Circuit, the Jayco, Inc. RV they purchased was a "jalopy," *see Knopick v. Jayco, Inc.,* 895 F.3d 525 (7th Cir. 2018), and in the months since purchase, the vehicle has been unusable and under repair.

2. This is an action for breach of express and implied warranties and for violations of the federal Magnuson-Moss Warranty Act, rescission, and unjust enrichment, all pursuant to the sale to Plaintiffs of a defective, significantly impaired, and unrepaired Recreational Vehicle ("RV")

## II. JURISDICTION AND VENUE

3. The Court has original jurisdiction over Plaintiffs' warranty claims under the Magnuson-Moss Act ("the Act"), 15 U.S.C. § 2301, *et seq* because the "the amount in controversy is [not] less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit ... ," 15 U.S.C. § 231 0(d)(l) & (3), and supplemental jurisdiction over their common law claims. 15 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendants pursuant to 735 ILCS 5/2-209(7) because the tortious conduct occurred in this district and the vehicle was sold pursuant to a contract entered into in this district.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## III. THE PARTIES

6. Plaintiffs, Joseph Chavez ("Joe") and Sherry Chavez ("Sherry"), are consumers who reside in Genoa, Illinois in Dekalb County.

7. Defendant, Jayco, Inc. ("Jayco"), is an Indiana corporation with its principal place of business in the State of Indiana who manufactures and sells RVs.

8. Defendant, Camping World RV Sales, LLC ("Camping World"), is a Minnesota limited liability corporation with its managers located in Lincolnshire, Illinois and is the seller of recreational vehicles and a dealership authorized by Jayco to sell its RVs.

## IV. FACTS COMMON TO ALL COUNTS

9. On May 15, 2020, Plaintiffs purchased and took delivery of this Recreational Vehicle, a new 2020 Jayco Greyhawk 30X, Vehicle Identification Number 1FDXE4FS6KDC50785: ("the vehicle"), expressly and impliedly warranted by Defendants, from

Defendant Jayco's agent and authorized dealership, Defendant Camping World in Rockford, Illinois. Plaintiff paid $94,758.63 for the vehicle including a $40,000 cash down payment.

10. This vehicle was purchased for personal, family, and household purposes.

11. The Plaintiffs relied on Defendants in deciding whether to purchase the vehicle.

12. Jayco's reputation and express representations that the vehicle was fit for the ordinary uses to which a recreational vehicle is put and for the particular purposes for which the Plaintiffs wanted it, namely to travel and camp.

13. Plaintiffs were not given any warranty information of any defendant prior to purchasing the vehicle.

14. Soon after purchase, Plaintiffs discovered that the vehicle did not conform to the warranty as there were numerous defects and nonconformities, including but not limited to: alignment, faulty transmission, electronic system, sink, refrigerator, levelers, and air conditioning.

15. The problems began as soon as Joe and Sherry drove the vehicle home from Rockford. On May 15, 2020, the motorhome pulled very hard to one side and the RV was apparently out of alignment.

16. After getting it home the refrigerator was not working properly, and was missing a light cover.

17. On May 17, 2020, Joe and Sherry brought the vehicle back to Camping World for repairs. Camping World kept the vehicle for repairs from May 17 until June 10, 2020.

18. On June 10, 2020, Joe and Sherry picked up the vehicle and were assured everything was fine.

19. On June 11, 2020, Joe and Sherry finally made their first trip and embarked to Gatlinburg, Tennessee. Unfortunately, their brand new $90,000 RV broke down in route near Shelbyville, Indiana.

20. When the vehicle broke down, the wrench icon on the dash came on, the engine started to shift down on its own while traveling sixty-five miles per hour on the busy interstate. As the jalopy hurtled down the interstate, Joe could not manually change gears into any other gear and the engine came to an abrupt stop.

21. Defendants and their agents refused to provide roadside assistance and Plaintiffs' son-in-law traveled from Ohio to pick up Joe and Sherry.

22. Their son-in-law was able to restart the vehicle and they limped to Ohio.

23. For six days, while stranded in Ohio, Joe and Sherry endeavored to find someone to help with the jalopy and finally secured help at a Ford dealership in Cincinnati.

24. On June 18, 2020, once at the dealership the technicians confirmed the brand new vehicles' levelers would not fully operate, the rear air conditioning did not work, and the transmission needed a new solenoid clutch.

25. On June 25, 2020, Plaintiffs picked up the vehicle from the dealership but the back up and side camera were not working and there was no power to the levelers.

26. On July 7, 2020, Joe and Sherry risked their lives to drive the jalopy back home to Genoa, Illinois so they could go to scheduled doctors' appointments and operations.

27. On July 20, 2020, Camping World towed the jalopy back to their Rockford location for more repairs.

28. Since July 20, 2020 the RV has been in possession of Camping Word and undrivable.

29. Since the date of purchase, Joe and Sherry only had possession of their vehicle for a total of 21 days compared to the 98 days it has been retained by Defendants for repairs.

30. At the time Plaintiffs took delivery of and accepted this defective and unmerchantable vehicle, they were unaware of the concealed malfunctions, defects, and conditions, and would not have purchased this vehicle had they known its true defective condition, nor retained it but for assurances of Defendants and the warranty agents and authorized repair facilities for each defendant that all impairments were or would be properly and timely repaired.

31. Significant and substantial defects and nonconformities continue to exist and substantially impair the vehicle's use, reliability, safety, and market value to Plaintiffs.

32. Plaintiffs have relied on Defendant Camping World's representations in its communications to Plaintiffs, promising to repair, replace, or adjust defects in the vehicle; and have been misled by frequent representations by Defendant Camping World and its agents, all duty-bound to disclose to Plaintiffs all known defects and nonconformities, that reported defects and nonconformities were or would be properly repaired.

33. Plaintiffs have relied on Defendant Jayco's representations in its express warranties and communications to Plaintiffs, promising to repair, replace, or adjust defects in the vehicle; and have been misled by frequent representations by Defendant Jayco and its agents, all duty-bound to disclose to Plaintiffs all known design and manufacturing defects and nonconformities, that reported defects and nonconformities were or would be properly repaired.

34. Joe and Sherry relied on Defendant Camping World's representations in its express warranties and communications to Plaintiffs, promising to repair, replace, or adjust defects in the vehicle; and have been misled by frequent representations by Defendant Camping World's and its

5

agents, all duty-bound to disclose to Plaintiffs all known design and manufacturing defects and nonconformities, that reported defects and nonconformities were or would be properly repaired.

35. Upon information and belief, the vehicle is in substantially the same condition as when it was delivered to the Plaintiff, with the exception of repairs done to the vehicle by Camping World and those Defendants' agents or authorized repair facilities, and damages caused by the defects and nonconformities herein.

36. The vehicle, as accepted, is without value to the Plaintiffs and they don't have access to it.

37. Jayco, engaged in an aggressive advertising and marketing campaign in order to induce Joe and Sherry and other consumers to purchase its vehicles from a dealership that was authorized by Jayco to sell its vehicles and issue its written warranties to consumers.

38. Jayco was in direct privity with Joe and Sherry based upon its role in the sale, distribution, and repair of the subject vehicle through its authorized sales and servicing agents including Camping World as evidenced by the following:

   a. Jayco enters into sales and servicing agreements with its authorized dealers that are located in numerous counties of this state including the county wherein this lawsuit is filed.

   b. Jayco requires its authorized dealers to display its logo on each authorized dealer's sign outside the dealer.

   c. Jayco requires its authorized dealers to display Jayco's logo on the repair records that are given to authorized dealers' customers as receipts for service to their vehicles.

6

    d. Jayco requires its authorized dealers to seek authorization for performing repairs as covered by Jayco's warranty.

    e. Jayco makes the final decision as to whether or not repairs made to a vehicle are to be covered by Jayco's warranty.

    f. Jayco reimburses its authorized dealers for repairs covered by Jayco's warranty.

    g. Jayco requires its authorized dealers to document repairs on repair invoices in a method prescribed by Jayco.

    h. Jayco provides its authorized dealers with specific instructions of the amount of time its dealers seek reimbursement for specific warranty repairs to a vehicle.

    i. Jayco requires its authorized dealers to provide its customers with its written warranty when a new vehicle is sold by Jayco's authorized dealer.

    j. Jayco provides its authorized dealers with repair manuals and service bulletins to repair vehicles manufactured and/or distributed by Jayco.

39. In consideration for the purchase of the RV, Jayco issued and supplied to Joe and Sherry its written warranty. (Warranty attached hereto and incorporated herein as Exhibit "A").

40. One of Jayco's remedies contained within its warranty was the repair and replacement of parts defective in materials or workmanship.

41. Based on the issuance of its written warranty and its contacts with Joe and Sherry as detailed above, Jayco was in contractual privity with Plaintiffs.

42. Joe and Sherry delivered the RV to Jayco for repair, through its authorized dealership network, the vehicle sat at the dealership for over 60 days, and the defects remain uncorrected.

43. Jayco was unable and/or failed to repair the defects in Joe and Sherry's RV as provided in Jayco's warranty, and as such breached the express terms of its written warranty.

44. The repair or replacement remedy contained within Jayco's warranty failed of its essential purpose due to Jayco's failure to repair the RV within a reasonable time.

45. Jayco was unable and/or failed to repair the defects in the RV as provided in Jayco's warranty after being afforded a reasonable opportunity to cure pursuant to 15 U.S.C. §2310(e).

46. Joe and Sherry justifiably lost confidence in the RV's safety and/or reliability, and said defects substantially impaired the value of the RV to Plaintiffs.

47. Said defects could not have reasonably been discovered by Joe and Sherry prior to their acceptance of the RV.

48. Joe and Sherry have been and will continue to be financially damaged due to Jayco's intentional, reckless, wanton and negligent failure to provide Plaintiffs with a merchantable RV.

VI.  CLAIMS

**COUNT I**
**(Breach of Written Warranty Under the Magnuson-**
**Moss Warranty Act, 15 U.S.C. § 2301 et seq)**
*Camping World and Jayco*

49.  Joe and Sherry, reallege and incorporate by reference herein the allegations contained in Paragraphs 1 through 48 as Paragraph 49 of Count I of the Complaint as if fully set forth herein.

50.  The Vehicle was subject to express warranties as described herein, including affirmations, nondisclosures and related representations as to the ordinary wear characteristics that may be reasonably expected from the vehicle.

51.  Plaintiffs are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

52.  Camping World and Jayco are "supplier" and "warrantor" within the meaning of section 2301(4)-(5).

53.  The Vehicle is a "consumer product[s]" within the meaning of section 2301(1).

54.  Defendants' express warranties are "written warrant[ies]" within the meaning of section 2301(6) and express warranties pursuant to Illinois law which were the basis of Plaintiffs' bargain when purchasing the Vehicle.

55.  Defendants' breached the express warranties by:

  a.  Extending a 3-year Warranty with the purchase of the Vehicle, thereby warranting to repair or replace any part defective in material or workmanship at no cost to the owner;

      b.      Selling a vehicle that was defective in material and workmanship, requiring repair or replacement within the warranty periods; and

      c.      Refusing to honor the express warranties by repairing or replacing, free of charge the Vehicle in a timely manner.

56. Defendants' breach of the express warranties has deprived the Plaintiffs of the benefit of their bargain.

57. The amount in controversy meets or exceeds the value of $50,000 (exclusive of interests and costs).

58. Defendants have been afforded a reasonable opportunity to cure their breach of written warranties, including when Plaintiffs brought their vehicle in for diagnosis and repair of their defective vehicle.

59. As a direct and proximate cause of Defendants' breach of express written warranties, Plaintiffs sustained damages and other losses in an amount to be determined at trial. Defendants' conduct damaged Plaintiffs and, who are entitled to recover damages, consequential damages, specific performance, diminution in value of the Vehicle, costs, attorneys' fees, rescission, and/or other relief as appropriate.

## COUNT II
### Unjust Enrichment
*Camping World and Jayco*

60. Joe and Sherry, reallege and incorporate by reference herein the allegations contained in Paragraphs 1 through 48 as Paragraph 60 in the alternative to Count I as Count II of the Complaint as if fully set forth herein.

61. Defendants received and retained a benefit from Plaintiffs and inequity has resulted.

62. Defendants benefitted from selling and leasing defective cars whose value was artificially inflated by Defendants' concealment of the Vehicle's defect as alleged herein at a profit, and Plaintiffs have overpaid for the RV and been forced to pay other costs.

63. Thus, Plaintiffs have conferred a benefit on Defendants by paying full price for a defective vehicle covered by an express warranty that is not timely honored.

64. It is inequitable for Defendants to retain these benefits.

65. Plaintiffs were not aware of the true facts about the Vehicle, and did not benefit from Defendants' conduct.

66. Defendants knowingly accepted the benefits of their unjust conduct.

67. As a result of Defendants' conduct, the amount of its unjust enrichment should be disgorged, in an amount according to proof.

## COUNT III
## Rescission
### *Camping World*

68. Joe and Sherry, reallege and incorporate by reference herein the allegations contained in Paragraphs 1 through 48 as Paragraph 68 of Count III of the Complaint as if fully set forth herein.

69. The circumstances existing when the Vehicle was purchased were such that the terms of the contract should be set aside because it was fraudulently induced by Defendants' misrepresentations regarding the Vehicle and its warranty.

70. Even if not fraudulent at the very least the parties were mutually misled about the Vehicle's capabilities and warranty service at the time the RV was sold.

71. Defendant offered to repair the vehicle but instead it has sat on their lot for months, the entirety of the camping season.

72. Substantial nonperformance or breach of contract warrants rescission where the matter, in respect to which the failure of performance occurs, is of such a nature and of such importance that the contract would obviously not be made without it.

73. It is now abundantly clear, after months of "working" on the vehicle that Defendants cannot perform as promised.

74. Plaintiffs have performed all required actions under the purchase agreement.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs, respectfully request that the Court enter judgment in their favor and against Defendant, as follows:

A. Equitable relief in the form of buyback of the Vehicle;

B. Costs, restitution, damages, including punitive damages, penalties, and disgorgement in an amount to be determined at trial;

C. Damages for the lost use of the Vehicle for the months it has been held by Defendants for "repairs";

D. An order requiring Defendants to pay both pre- and post-judgment interest on any amounts awarded;

E. An award of costs and attorneys' fees; and

F. Such other or further relief as may be appropriate.

Respectfully submitted,

**JOSEPH CHAVEZ and SHERRY CHAVEZ**
 Plaintiffs

By: __/*Alexander N. Loftus*_____
        Attorney for Plaintiffs

Alexander Loftus, Esq.
David Eisenberg, Esq.
LOFTUS & EISENBERG, LTD.
161 N. Clark St., Suite 1600
Chicago, Illinois 60601
T: 312.899.6625
C: 312.772.5396
alex@loftusandeisenberg.com
david@loftusandeisenberg.com

Dated: September 14, 2020